IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REECE BOYD DUNN, (TDCJ-CID #1242154) Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION H-20-2002 |
| TRACY HUTTO, *et al.,* Defendants. | § § § § | |

**MEMORANDUM AND OPINION**

Reece Boyd Dunn, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in June 2020, alleging civil rights violations resulting from a denial of due process and retaliation. Dunn, proceeding pro se and in forma pauperis, sues Tracy Hutto; Curtis L. Jordan; Jamarcus Goodall; Kin Yan Tui; and Texas Department of Criminal Justice.

The threshold issue is whether Dunn's claims should be dismissed as frivolous.

**I.    Dunn's Allegations**

Dunn asserts that on December 10, 2019, Captain Goodall escorted Dunn to prehearing detention. Dunn complains that Captain Goodall left Dunn's property in front of the picket. Dunn asserts that Officer Tui failed to inventory Dunn's property as required by TDCJ-CID policy. Dunn asserts that Officer Tui left Dunn's property unattended and allowed the property to be stolen. Dunn seeks $500.00 to replace his stolen property. He further seeks unspecified compensatory and punitive damages.

## II. Standard of Review

A federal court has the authority to dismiss an action in which the plaintiff is proceeding in forma pauperis before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III. The Due Process Claim

An inmate's allegation that his property was lost or damaged, or its receipt delayed by a prison official, does not state a claim under 42 U.S.C. § 1983, even when the prison official acted intentionally. *Hudson v. Palmer*, 468 U.S. 517 (1984). In Texas, when an inmate's property is taken without compensation, he has a remedy in state court, not a federal court claim under 42 U.S.C. § 1983 for loss or damage to property, unless there is no post-deprivation remedy or the remedy is inadequate. *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984). Dunn has made neither of the required showings. His claim against the defendants lacks an arguable basis in law.

## IV. The Claim Based on an Inadequate Grievance System

Dunn alleges that the defendants violated his civil rights by failing to resolve the complaints presented in his grievances. "A prisoner has a liberty interest only in freedoms from restraint imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (internal citation and quotation

omitted). An inmate does not have a constitutionally protected liberty interest in having grievances resolved to his satisfaction. There is no due process violation when prison officials fail to do so. *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Edmond v. Martin, et al.,* slip op. no. 95-60666 (5th Cir., Oct. 2, 1996) (unpublished) (prisoner's claim that a defendant "failed to investigate and denied his grievance" raises no constitutional issue); *Thomas v. Lensing, et al.,* slip op. no. 01-30658 (5th Cir., Dec. 11, 2001) (unpublished) (same). The defendants' alleged failure to address the grievances to Dunn's satisfaction did not violate his constitutional rights. The excerpts from the grievance responses submitted by Dunn show that the defendants investigated his grievances and provided timely responses. (Docket Entry No. 1-2, pp. 9-10,; *Id.* At 12-13).

Dunn's due process claim based on an inadequate grievance procedure lacks merit.

**V.     The Claim Based on a Failure to Comply with Prison Regulations**

Dunn further alleges that prison officials did not follow prison rules and regulations regarding taking inventory of his property.

Fifth Circuit case law is clear that a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met. *Giovanni v. Lynn,* 48 F.3d 908, 912-13 (5th Cir.), *cert. denied,* 516 U.S. 860 (1995); *Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994). Even assuming that officers violated TDCJ-CID regulations in notifying inmates of disciplinary charges, Dunn has failed to establish a violation of a constitutional right. Dunn has not shown that any errors relating to the taking of inventory of his property amounted to a constitutional due process violation.

The mere failure to comply with prison rules and regulations does not, without more, give rise to a constitutional violation. *Meyers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996). A prison

official's failure to follow state regulations does not establish a constitutional violation. *See Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989). Dunn's claim that his due process rights were violated by the failure of prison officials to comply with prison regulations lacks an arguable basis in law because, in light of *Sandin v. Conner*, 515 U.S. 472 (1995), Dunn has no created liberty interest in the regulations of the Texas Department of Criminal Justice - Correctional Institutions Division.

## VI.     The Retaliation Claim

Dunn alleges that prison officials retaliated against him for filing a grievance. The Fifth Circuit has held that prison officials are prohibited from retaliating against inmates who exercise the right of access to the courts, or who complain of prison conditions or about official misconduct. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995) (citations omitted). When a prisoner claims that officials retaliated against him by issuing a false disciplinary report, favorable termination of the underlying disciplinary charge is not a prerequisite for bringing the claim. *Woods*, 60 F.3d at 1164. The concern is whether there was retaliation for the exercise of a constitutional right, separate and apart from the apparent validity of the underlying disciplinary report. *Id.* at 1164-1165. "An action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate." *Id.* at 1165 (citations omitted). In addition, proceedings that are not otherwise constitutionally deficient may be invalidated by retaliatory animus. *Id.* (citations omitted).

To prevail on a claim of retaliation, a prisoner must establish the following: (1) the exercise of a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right; (3) a retaliatory adverse act; and (4) causation. *Jones v. Greninger*, 188

F.3d 322, 324-25 (5th Cir. 1999) (citing *McDonald v. Steward*, 132 F.2d 225, 231 (5th Cir. 1998)). Causation requires a showing that "but for the retaliatory motive, the complained of incident . . . would not have occurred." *McDonald*, 132 F.3d at 231 (citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997)).

In reviewing claims of retaliation arising from the context of prison disciplinary charges, the Fifth Circuit has recognized that "[c]laims of retaliation must . . . be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." *Woods*, 60 F.3d at 1166 (citing *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994)). The Fifth Circuit recited the applicable standard of review:

> To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims. To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident-such as the filing of disciplinary reports would not have occurred. This places a significant burden on the inmate. Mere conclusory allegations of retaliation will not withstand a summary judgment challenge. The inmate must produce direct evidence of motivation or, the more probable scenario, "allege a chronology of events from which retaliation may plausibly be inferred."

*Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)(internal citations and footnotes omitted).

Conclusory allegations of retaliation will not withstand a summary judgment challenge. *Woods*, 60 F.3d at 1166 (citing *Richardson v. McDonnell*, 841 F.2d 120, 123 (5th Cir. 1988) (upholding summary judgment dismissal of retaliation claim where inmate never offered documentary or testimonial evidence in support of assertions)); *Jones*, 188 F.3d at 326 ("because Jones has alleged no facts sufficient to demonstrate that the appellees have engaged in conduct that will result in a violation of his right of access to the court his retaliation claims fail."). Some acts,

even though they may be "motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights." *Morris v. Powell,* 449 F.3d 682, 686 (5th Cir. 2006) (citing *Crawford–El v. Britton,* 523 U.S. 574, 588 n.10 (1998)). *Id.* "Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim." *Id.* Retaliation is actionable only if it "is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Bibbs v. Early,* 541 F.3d 267, 270 (5th Cir. 2008) (citation omitted).

Dunn claims that the defendants retaliated against him because he filed a grievance. Even though Dunn carries the burden of establishing retaliation, he offers no specific facts or documentary evidence to support his allegation of retaliation. *See McDonald*, 132 F.3d at 231 (inmate failed to provide evidence of retaliatory intent). Dunn has identified a constitutional right, the right to file complaints or grievances against an officer. In neglecting to allege fact-specific details, Dunn has not demonstrated that any of the individuals involved in the purported acts of retaliation had knowledge of any alleged complaints or grievances filed against them. Dunn alleges that Captain Jordan cursed at him during a meeting. (Docket Entry No. 1-1, p. 2). Thus, Dunn has identified a retaliatory adverse act. Dunn's claim of retaliation, standing alone, fails to meet the requisite proof of causation: he has failed to establish that but for his filing complaints and grievances against any TDCJ-CID employee, he would not have been reprimanded. *See McDonald*, 132 F.3d at 231.

Finally, Dunn's allegation cannot be deemed to provide "a chronology of events from which retaliation may plausibly be inferred." *Woods*, 60 F.3d at 1166. Dunn's mere use of the word "retaliation" in the absence of specific facts or documentary evidence cannot support a claim of retaliation. Consequently, Dunn's claim must fail. *Id.*; *Johnson*, 110 F.3d at 310 ("[t]he relevant

showing in such cases must be more than the prisoner's "personal belief that he is the victim of retaliation.") (quoting *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995)); *Richardson*, 841 F.2d at 120.

To the extent Dunn argues that the defendants retaliated against him because he filed a grievance, this is an insufficient allegation of causation as "temporal proximity alone is insufficient to prove but for causation." *Strong v. Univ. Healthcare Sys., L.L.C.,* 482 F.3d 802, 808 (5th Cir. 2007); *see also Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir. 1997). The fact that one event follows another in time does not raise an inference of retaliation. *Enlow v. Tishomingo Cnty., Miss.,* 45 F.3d 885, 889 (5th Cir. 1995).

Dunn has not sufficiently alleged a retaliatory motive by the defendants, and he has not alleged a chronology of events from which retaliation may be plausibly inferred. Dunn's personal belief and conclusory allegations are insufficient to raise a factual dispute that the defendants acted to retaliate. *See Jones v. Greninger,* 188 F.3d 322, 324–25 (5th Cir. 1999); *Woods,* 60 F.3d at 1166. Dunn's retaliation claim lacks merit and is dismissed.

**VII.    Dunn's Motion for Temporary Restraining Order and Preliminary Injunction**

Dunn filed a Motion for Temporary Restraining Order and Preliminary Injunction, (Docket Entry No. 5), seeking to compel Texas prison officials to give him access to the law library. He seeks to enjoin prison officials from retaliating again him. *Id*. Four prerequisites must be satisfied before a plaintiff can be awarded preliminary injunctive relief: (1) substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) an evaluation that the threatened injury to the plaintiff outweighs the threatened injury the injunction may cause the defendants; and (4) a determination that the injunction does not disserve public

interest. *Rodriguez v. United States,* 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied,* 516 U.S. 1166 (1996); *Hay v. Waldron*, 834 F.2d 481 (5th Cir. 1987).

Injunctive relief in the form of "superintending federal injunctive decrees directing state officials," is an extraordinary remedy. *Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985). A preliminary injunction should not be granted unless the movant, by a clear showing, carries the burden of persuasion. *Cherokee Pump & Equip., Inc. v. Aurora Pump*, 38 F.3d 246 (5th Cir. 1994).

The plaintiff has not satisfied the first requirement because difficult questions of law create sufficient doubt regarding the probability of his success on the merits. Nor has the plaintiff met the second requirement of demonstrating that he faces a substantial risk of irreparable injury if the injunction is not granted. The plaintiff makes a broad request for TDCJ-CID to stop retaliating against him. He has not shown that he faces a substantial risk of irreparable injury if the injunction is not granted.

Dunn has not clearly carried his burden of persuasion, and therefore, it is ORDERED that his Motion for Temporary Restraining Order and Preliminary Injunction, (Docket Entry No. 5), is DENIED.

**VIII. Conclusion**

Dunn's motion to proceed in forma pauperis, (Docket Entry No. 2), is GRANTED. The action filed by Reece Boyd Dunn (TDCJ-CID Inmate #1242154) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). His Motion for Temporary Restraining Order and Preliminary Injunction, (Docket Entry No. 5), is DENIED. Any remaining pending motions are DENIED as moot.

The TDCJ-CID must continue to deduct twenty percent of each deposit made to Dunn's

inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)  the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2)  the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on  July 29 , 2020.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE